UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LAANA BROWN,

      Plaintiff,

v.   Case No. 13-cv-12969
    Paul D. Borman
    United States District Judge

BIO MAGNETIC RESONANCE,

      Defendant.

_____/

**OPINION AND ORDER
(1) GRANTING PLAINTIFF'S APPLICATION TO PROCEED
WITHOUT PREPAYMENT OF FEES (Dkt. No. 2), and
(2) DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii)**

Laana Brown ("Plaintiff"), proceeding *pro se*, filed a Complaint in this Court on July 10, 2013, alleging that she was misdiagnosed by Bio Magnetic Engineering ("Defendant") after Defendant conducted an MRI of Plaintiff's brain. (Dkt. No. 1.) Plaintiff also filed an Application to Proceed Without Prepayment of Fees on July 10, 2013. (Dkt. No. 2.)

In forma pauperis status is reserved for indigent parties who are unable to pay or give security for filing fees in this Court. *See* 28 U.S.C. § 1915(a)(1). Plaintiff's affidavit reflects that she is unemployed, she has received no income in the past 12 months, she has no money in savings, she has no property of value, and yet she still pays $158 per month for utilities. Plaintiff also lists medical bills as an additional financial obligation. The Court will grant Plaintiff's Application to Proceed In Forma Pauperis for the limited purpose of reviewing the Complaint pursuant to § 1915(e)(2)(B).

1

In cases where a plaintiff has filed an application to proceed without prepayment of fees, the Court must consider, pursuant to 28 U.S.C. § 1915(e)(2)(B), whether the action is frivolous or fails to state a claim upon which relief can be granted. Dismissal is appropriate where "the claim is based on an indisputably meritless legal theory[.]" *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998).

The Complaint alleges that Defendant told Plaintiff that "nothing was wrong" after conducting an MRI of Plaintiff's brain. Afterward, Plaintiff had a second MRI performed at a hospital, which revealed that Plaintiff had a brain hemorrhage. Plaintiff seeks compensation from Defendant for its alleged misdiagnosis.

Plaintiff's suit appears to be based on a state-law medical malpractice theory. Plaintiff has not alleged that any federal statutes were violated, and also has not alleged any state action. Accordingly, the Court finds that it lacks subject-matter jurisdiction over Plaintiff's claim. *See Brooks v. Henry Ford Hospital*, 221 F.3d 1333 (6th Cir. 2000) (Table) (affirming dismissal of *pro se* plaintiff's complaint for lack of subject-matter jurisdiction, where "Brooks's suit sounds, if at all, as a medical malpractice suit.").

For the reasons stated above, the Court will:

(1) **GRANT** Plaintiff's Application to Proceed In Forma Pauperis; and

(2) **DISMISS** the Complaint for lack of subject matter jurisdiction, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**SO ORDERED.**

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated: July 17, 2013

CERTIFICATE OF SERVICE

2

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 17, 2013.

                                              s/Deborah Tofil
                                              Case Manager